IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ROBERT DENNIS, TERRY NORTH, and DEBRA MARIGONI, Individually and on Behalf of Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>EG&G DEFENSE MATERIALS, INC.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO CONSOLIDATE<br><br><br><br><br><br>Case No. 2:08-CV-482 TS |

  This matter is before the Court on Plaintiffs' Motion to Consolidate, filed October 6, 2008.[1] The underlying case is a class action lawsuit for unpaid wages. Plaintiffs claim that Defendant, their employer, failed to pay wages which were owed to Plaintiffs. Plaintiffs in the present case chose not to join a class action originally filed on May 24, 2004 (the "Original Class Action").[2] The two cases have many similar questions of fact and law, and a number of legal issues have already been resolved in the Original Class Action.

---

[1] Docket No. 13.

[2] Case No. 2:04-cv-479.

1

Plaintiffs argue that consolidation will promote judicial efficiency. Defendant responds that consolidation is inappropriate because the cases are at disparate points in pretrial proceedings. Defendant points out that the Original Class Action has already concluded fact discovery, has already undergone two rounds of mediation, and is essentially ready for trial once mediation has concluded. By contrast, nothing has happened in the present case.

Fed.R.Civ.P. 42(a) states that consolidation of cases is permissible "[i]f actions before the court involve a common question of law or fact . . . ." DUCivR 42-1 states that cases may be consolidated if the cases: "(i) arise from substantially the same transaction or event; (ii) involve substantially the same parties or property; (iii) involve the same patent, trademark, or copyright; (iv) call for determination of substantially the same question of law; or (v) for any other reason would entail substantial duplication of labor or unnecessary court costs or delay if heard by different judges." However, consolidation is not mandatory even when these criteria are met, and "savings of time and effort gained through consolidation must be balanced against the inconvenience, delay or expense that might result from simultaneous disposition of the separate actions."[3] Consolidation may be inappropriate where "the two actions are at such widely separate stages of preparation [that] consolidation of [the] cases would cause further delay and could prejudice the parties."[4]

Parties agree that some additional discovery will be necessary if consolidation is ordered. However, the parties disagree as to the scope and cost of that discovery. After careful consideration of the evidence presently before the Court, the Court finds that the present case and the Original

---

[3] *Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.*, 149 F.R.D. 65, 81 (D. N.J. 1993).

[4] *Long v. Dickson*, 2006 WL 1896258, *1 (D. Kan. 2006). *See also* 9A Wright & Miller, Federal Practice and Procedure § 2382 ("the district court may deny consolidation when one of the actions has proceeded further in the discovery process than the other.").

Class Action meet the requirements for consolidation, as they arise from substantially the same transaction or event, involve substantially the same parties, call for determination of substantially the same question of law, and would entail substantial duplication of labor or unnecessary court costs or delay if heard by different judges.  Moreover, the Court finds that the gains in judicial efficiency from consolidation outweigh any delay or additional expense.

It is therefore

ORDERED that Plaintiffs' Motion to Consolidate (Docket No. 13) is hereby GRANTED. The present case will be consolidated with Case No. 2:04-CV-479, *Land, et al v. EG&G Defense Materials*, currently assigned to District Judge Dee Benson.

DATED   February 2, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge